**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LOUIS G. BARTUCCI and ) | |
| MARCANTONIO GINO BARTUCCI, ) | No. 14 CV 5302 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Magistrate Judge Young B. Kim |
| ) | |
| WELLS FARGO HOME MORTGAGE, ) | |
| ) | November 19, 2014 |
| Defendant. ) | |

**MEMORANDUM REPORT and RECOMMENDATION**

Before the court is Plaintiffs' motion for default judgment against Defendant Wells Fargo Home Mortgage ("Wells Fargo"). For the following reasons, this court respectfully reports and recommends that the assigned district judge deny the motion and dismiss the complaint without prejudice:

**Procedural History**

On July 11, 2014, Plaintiff Louis G. Bartucci ("Louis") filed a complaint against Wells Fargo identifying both himself and Marcantonio Gino Bartucci ("Marcantonio") as Plaintiffs. (R. 1, Compl.) Louis and Marcantonio are both proceeding *pro se*. (R. 3, *Pro Se* Appearance for Louis; R. 15, *Pro Se* Appearance for Marcantonio.) But the complaint only bears the signature of Louis and there is no indication that Louis is an attorney who could file the complaint on Marcantonio's behalf. (R. 1, Compl. at 9.) On July 23, 2014, Marcantonio filed an unsigned Proof of Service returning the summons as executed. (R. 8.) The Proof of Service is blank, except that someone—presumably Marcantonio—noted that the summons was

served by "USPS certified mailed [sic] on 7-11-2014." (Id.) The certified mail was addressed to "Wells Fargo Home Mortgage" and mailed to the registered agent for Wells Fargo Home Mortgage in Illinois. Wells Fargo has not appeared in this case.

On August 15, 2014, Louis submitted an "Application for Entry of Default against Wells Fargo Home Mortgage." (R. 8.) Marcantonio's name also appears in the caption of this application. (Id.) On August 25, 2014, Louis filed a motion for default judgment and noticed the motion for presentment on September 2, 2014.[1] (R. 11.) On November 4, 2014, the assigned district judge referred the motion to this court for a Report and Recommendation. (R. 16.)

## Analysis

In their motion, Plaintiffs argue that they are entitled to a default judgment in their favor because, according to them, they effectuated proper service on Wells Fargo by sending a copy of the complaint and summons by certified mail on July 11, 2014, and Wells Fargo has failed to timely answer the complaint. (R. 8 at 1-2.) In order for the court to enter a default judgment against Wells Fargo, Plaintiffs must establish that: (1) they filed suit against Wells Fargo; (2) they properly served Wells Fargo; and (3) Wells Fargo did not file a pleading or otherwise defend the case. See Fed. R. Civ. P. 55; *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1398 (7th Cir. 1993).

In this case, Louis has adequately established that he filed suit against Wells Fargo and that Wells Fargo has not filed a responsive pleading. But Louis is not

---

[1] The court treats the application and the motion as a single motion for the entry of a default judgment.

entitled to summary judgment because he has not established that Wells Fargo was properly served with a copy of the complaint and summons. Federal courts cannot exercise jurisdiction where the defendant has not been properly served. *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). Service is not proper merely because the defendant is aware that it has been named in a lawsuit or has received a copy of the summons and complaint. *Id.* In this case, there is no indication that Louis requested Wells Fargo to waive service of summons pursuant to Rule 4(d). Under these circumstances, Louis had two service options as set out in Rule 4(h)(1)(A) and Rule 4(h)(1)(B). Rule 4(h)(1)(A) would require Louis to have served Wells Fargo as if it were an individual defendant in the State of Illinois pursuant to Rule 4(e)(1). In some states, the rules for service on an individual are very liberal. *See, e.g., Swaim v. Moltan Co.*, 73 F.3d 711, 721 (7th Cir. 1996) (citing Indiana Trial Rule 4.15). But in Illinois, a service of summons on an individual must be in person. 735 ILCS 5/2-203. Section 2-203 provides in pertinent part:

> (a) Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode . . . .

*Id.* By the plain language of the governing statute, service by certified mail does not comply with Illinois law for service on individuals, and therefore Louis has not established that he effectuated proper service under Rule 4(h)(1)(A).

Rule 4(h)(1)(B) would require Louis to have "deliver[ed] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Here, the record shows only that Louis mailed the complaint and summons to Wells Fargo. But mailing a copy of the complaint and summons is not the same as "delivering." Fed. R. Civ. P. 4(h)(1)(B)*; see also AmGas, Inc. v. Cal O'Hare, Ltd.*, No. 93 CV 635, 1993 WL 45899, at *1 (N.D. Ill. Feb. 19, 1993) ("Certainly no default judgment is obtainable if a defendant does not respond to a mailed summons and complaint."). Louis addressed his certified mail to "Wells Fargo Home Mortgage" at "Illinois Corporation Service, 801 Adlai Stevenson Dr., Springfield IL 62703." (R. 7.) Louis correctly identified the registered agent in Illinois for Wells Fargo Home Mortgage. But he does not provide any evidence that he did anything other than to send the certified mail to Wells Fargo. Accordingly, Louis has not established that he effectuated proper service under Rule 4(h)(1)(B).

Furthermore, Marcantonio has failed to even establish that he is a proper Plaintiff in this case and therefore, cannot seek a default judgment against Wells Fargo. Both Louis and Marcantonio are identified as party plaintiffs in the complaint but Louis is the only one who signed the complaint. Because he is not an attorney and is proceeding *pro se,* Louis can neither sign the complaint for Marcantonio nor represent him in this matter. *See Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) (stating that "one pro se litigant cannot represent another"). Even if Marcantonio intended to sign the pleading, his failure to do so

4

offends Federal Rule of Civil Procedure 11(a), which requires every pleading filed in federal court to be signed by an attorney "or by a party personally if the party is unrepresented." As such, Marcantonio cannot be treated as a party plaintiff in this lawsuit and is not entitled to a default judgment.

## Conclusion

For the foregoing reasons, this court respectfully reports and recommends that the assigned district judge deny the motion for default judgment for lack of proper service. This court further recommends that the assigned district judge dismiss the complaint without prejudice, grant Plaintiffs leave to amend their complaint to comply with Rule 11, and extend the time period for effectuating service under Rule 4(m). Plaintiffs have 14 days from the date of service of this court's Memorandum Report and Recommendation to file objections with the assigned district judge. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Tuminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011).

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**