UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS G. BARTUCCI and MARCANTONIO GINO BARTUCCI, | ) ) ) | |
| Plaintiffs, | ) ) | No. 14 C 5302 |
| v. | ) ) | Hon. Marvin E. Aspen |
| WELLS FARGO HOME MORTGAGE, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

MARVIN E. ASPEN, District Judge:

On August 25, 2014, Plaintiffs Louis Bartucci and Marcantonio Bartucci, who are *pro se*, filed a motion for default judgment on their complaint after Defendant Wells Fargo did not answer or otherwise respond. (Dkt. Nos. 8–9.) At a hearing on September 11, 2014, we entered and continued the motion. At that time, we instructed Plaintiffs that they needed to make sure they properly served Defendants, who had not filed an appearance or attended the hearing. We later referred Plaintiffs' motion to Magistrate Judge Kim.

On November 19, 2014, Judge Kim issued his Report and Recommendation ("R&R"). (Dkt. No. 20.) Judge Kim recommended that we deny Plaintiffs' motion for default judgment because Plaintiffs, who had attempted service on Defendant by certified mail, had not effectuated proper service. Judge Kim further recommended that we dismiss the complaint without prejudice, with leave to replead, because Plaintiff Louis cannot represent another *pro se* litigant such as Marcantonio. (*Id.*)

Presently before us are Plaintiffs' timely-filed objections to Judge Kim's R&R, which we consider under Federal Rule of Civil Procedure 72(b). Plaintiffs object to Judge Kim's R&R

1

because he lacks authority to enter dispositive orders and did not hold a hearing on their motion. (Dkt. No. 22.) As set forth below, we adopt the R&R in part and overrule Plaintiffs' objections.

We first address Judge Kim's recommendation about Marcantonio's status. As Judge Kim correctly explained, Louis cannot represent another *pro se* litigant because Louis is not a licensed attorney. *See Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008). Louis can represent only himself. Marcantonio also may proceed on his own behalf—but only if he too signs the complaint. In other words, Marcantonio is currently not a party to the litigation. He can become a party only if and when a complaint is filed bearing his signature. *See* Fed. R. Civ. P. 11(a) (requiring the pleading to be signed "personally if the party is unrepresented"). Because he is not a party, Marcantonio is not entitled to any relief. Rather than dismiss the complaint, as Judge Kim suggested, we grant leave for Plaintiffs to promptly file an amended complaint.

Turning to the R&R's recommendation as to the pending motion, we agree with Judge Kim that Plaintiffs' motion for default judgment must be denied. Plaintiffs' use of certified mail does not constitute proper service of process upon Defendant. *See Goode v. PennyMac Loan Services, LLC*, No. 14 C 1900, 2014 WL 6461689, at *9 (N.D. Ill. Nov. 18, 2014) ("Under the Federal Rules and Illinois law, certified mail is generally not an adequate means of service for corporations like [a bank]."). In Plaintiffs' objections, Louis states that someone in the Clerk's office told him that service by mail would be appropriate. (Obj. ¶ 2.) Even assuming that assertion is true, however, any such misinformation neither excuses Louis' failure to effectively serve the complaint, nor permits us to impose liability on Defendant for the alleged default. In short, and as Judge Kim explained in the R&R, Defendant has not been served in accordance with federal and state rules. Because Defendant has not been served, it is not obligated to participate in the lawsuit and Plaintiffs therefore are not entitled to default judgment. We thus

adopt Judge Kim's recommendation and deny the motion for default judgment due to lack of proper service.

**CONCLUSION**

We accept and adopt the R&R in part as set forth herein, and we overrule Plaintiffs' objections.[1] We deny the motion for default judgment but decline to dismiss the complaint. We grant Plaintiffs leave to file an amended complaint no later than January 9, 2015. We further grant Plaintiffs an extension of time to properly serve the complaint, through March 6, 2015. It is so ordered.

                                                Marvin E. Aspen
                                                United States District Judge

Dated: December 22, 2014
         Chicago, Illinois

---

[1] We further add that Judge Kim's R&R is procedurally sound. We need not address in detail Plaintiffs' claim that they were entitled to a hearing on their motion. Judge Kim was not obligated to hold a hearing, particularly in light of the straight legal question presented him on this record. In addition, Plaintiffs' lengthy discussion of the scope of a magistrate judge's authority is irrelevant. (*See* Obj. at 2–5.) Judge Kim issued his R&R consistent with Rule 72(b) and informed Plaintiffs of their opportunity to object to the R&R. His recommendation was not final and remained subject to our review.