UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS G. BARTUCCI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 CV 5302 |
| | ) | |
| WELLS FARGO BANK N.A., | ) | Judge Marvin E. Aspen |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently before us is Defendant Wells Fargo Bank N.A.'s motion to dismiss a seven-count complaint filed by Plaintiff Louis G. Bartucci. Plaintiff's complaint alleges: (1) violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3605; (2) violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691; (3) a claim for declaratory judgment; (4) violation of 42 U.S.C. § 1983; (5) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2; (6) breach of the Illinois implied covenant of good faith and fair dealing; and (7) a claim for promissory estoppel.

Defendant moves to dismiss all counts. For the following reasons, Defendant's motion to dismiss is granted in part, and denied in part.

## BACKGROUND

In 2007, Plaintiff obtained a loan from Defendant for the purchase of a residential property. (Am. Compl. ¶ 6.) From 2008 to 2009, Plaintiff faced financial difficulties meeting his mortgage payments. (*Id.* ¶ 8.) Plaintiff submitted paperwork to Defendant to modify his loan under the Home Affordable Mortgage Program ("HAMP"), a federal program that assists eligible homeowners who face financial hardships with loan modifications. (*Id.* ¶ 11.) In 2010,

1

while Plaintiff's application for a home loan modification was still pending, Defendant served Plaintiff with a mortgage foreclosure complaint and summons. (*Id.* ¶ 14.)

From 2010–2013, Plaintiff continued to contact Defendant in regards to his loan modification request. (*Id.* ¶ 15.) Plaintiff alleges that during the loan modification process, he disclosed his national origin on mandatory loan paperwork. (*Id.* ¶ 16.) In June 2013, Defendant denied Plaintiff's loan modification request citing his negative net present value. (*Id.* ¶ 18.) Soon thereafter, Plaintiff appealed Defendant's denial of his HAMP modification. (*Id.* ¶ 19.)

Plaintiff alleges that he made several telephone calls in 2013 to Defendant's representatives concerning his loan modification denial, but that Defendant's representatives told Plaintiff that they could not understand him because of his accent, that he needed to call back, and then hung up on him without any warning. (*Id.* ¶ 24.) Further, Plaintiff alleges that while attending a seminar hosted by Defendant, a representative told Plaintiff "that he would probably have had an easier time obtaining a loan modification if he were in fact much younger." (*Id.* ¶ 25.) On another occasion, Plaintiff alleges that one of Defendant's representatives expressed that Plaintiff's age factored into the denial of his loan modification request. (*Id.* ¶ 47.)

## **STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*,

540 U.S. 544, 555, 127 S. Ct. 1955, 1964– 65 (2007)). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Thus, while a complaint need not give "detailed factual allegations," it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964–65; *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). The statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957)); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

## ANALYSIS

Plaintiff brings both federal and state law claims. We will begin with an analysis of his federal claims.

### I.  Plaintiff's Federal Claims

#### A.  Count I – Violation of Fair Housing Act 42 U.S.C. § 3605

Plaintiff contends that Defendant violated § 3605 of the FHA, which makes it "unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms of conditions of such a transaction, because of . . . national origin . . . ."
42 U.S.C. § 3605(a). A plaintiff may prove a violation of the FHA under two theories: (1) disparate treatment or (2) disparate impact. *Daveri Development Group, LLC v. Village of Wheeling*, 934 F. Supp. 2d 987, 996 (N.D. Ill. March 21, 2013). Here, Plaintiff alleges that

3

Defendant engaged in disparate treatment when it denied him a loan modification based on his national origin. To survive a motion to dismiss, a FHA claim must allege discrimination related to the terms, conditions, privileges, or provisions of services of a dwelling. *Swanson v. Citibank, N.A.,* 614 F.3d 400, 405 (7th Cir. 2010). Specifically, Plaintiff must plead: (1) the type of discrimination he believes occurred; (2) by whom; (3) and when. *Id*. (finding that plaintiff's FHA claim survived a motion to dismiss when she alleged that she was discriminated against based on her race, by a named manager at Citibank, in connection with her efforts in early 2009 to obtain a home-equity loan). Finally, to support his disparate treatment allegation, Plaintiff must allege that he was treated differently than other applicants based on his national origin. *Wigginton v. Bank of America Corp*., 770 F.3d 521, 522 (7th Cir. 2014) (granting defendant's motion to dismiss FHA claim because plaintiff failed to allege that someone else had been treated differently).

Plaintiff alleges that Defendant violated § 3605 of the FHA when it denied him a loan modification request because of his national origin. (Am. Compl. ¶ 33.) Plaintiff alleges that Defendant was aware of his national origin based on required disclosures on various loan applications. (Am. Compl. ¶¶ 28–30). Additionally, Plaintiff asserts that in 2013, in connection with his HAMP loan modification request, Defendant's representatives frequently hung up the phone on him claiming that his accent was too difficult to understand. (*Id*. ¶¶ 31–33). We find that Plaintiff's allegations are insufficient to survive a motion to dismiss. Plaintiff fails to identify specific individuals who hung up on him and fails to allege that he was treated differently than other loan applicants.

Accordingly, we grant Defendant's motion to dismiss Count I.

## B. Count II – Violation of Equal Credit Opportunity Act 15 U.S.C. § 1691

Plaintiff alleges that Defendant violated § 1691 of the ECOA that prohibits creditors from discriminating against any credit applicant "with respect to any aspect of a credit transaction [ ] on the basis of . . . national origin . . . or age." 15 U.S.C. § 1691(a). To survive a 12(b)(6) motion to dismiss an ECOA claim, Plaintiff must allege that he was an applicant, as defined by the ECOA[1], and that Defendant treated him less favorably because of his national origin or age. *FirstMerit Bank, N.A. v. Ferrari*, 71 F. Supp. 3d 751, 755 (N.D. Ill. Oct. 16, 2014); *New Louisiana Holdings, LLC v. Arrowsmith*, No. 11 C 5031, 2012 WL 6061710, at *6 (N.D. Ill. Dec. 4, 2012).

Similar to a FHA claim, to survive a motion to dismiss on an ECOA claim, Plaintiff must simply present a "plausible scenario, . . . even though it may not accurately describe what actually occurred." *FirstMerit Bank, N.A.,* 71 F. Supp. 3d at 755 (holding that ECOA complaint survived a motion to dismiss when complaint alleged that Bank refused to finalize settlement because individual was Hispanic and that Bank's loan officer made biased comments about doing business with Hispanics).

Plaintiff alleges that Defendant discriminated against him based on his national origin when Defendant hung up the phone on him and refused to provide him information concerning his loan because of his accent. Plaintiff alleges that Defendant discriminated against him based on age when Defendant's representatives told him he would have "an easier time obtaining a loan modification if he were in fact much younger." (Am. Compl. ¶ 43, 47.) These allegations present a plausible scenario in which Plaintiff was unlawfully discriminated against based on his national origin or age.

---

[1] Defendant does not argue that Plaintiff was not an applicant under the ECOA, so we focus on the second prong of the analysis; whether Plaintiff has sufficiently alleged that he was treated less favorable based on his national origin or age.

For the reasons stated above, we deny Defendant's motion to dismiss Count II.

**C. Count III - Declaratory Judgment 28 U.S.C. § 2201**

Plaintiff seeks a declaratory judgment affirming various rights under HAMP pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, which enables a party "to 'clarify[ ] and settl[e] the legal relations at issue' and to 'terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding." *Amari v. Radio Spirits, Inc.*, 219 F. Supp. 2d 942, 944 (N.D. Ill. Sept. 12, 2002) (citing *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 89 F.2d 746, 747 (7th Cir. 1995)). The purpose of the Act is "to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication, without waiting until his adversary should see fit to begin suit." *Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 577 (7th Cir. 1994) (citing *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167 (7th Cir. 1969)).

Federal courts may issue declaratory judgments only in cases of "actual controversy." *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). A justiciable "actual controversy" exists only when a private right of action is available. *Schilling v. Rogers*, 363 U.S. 666, 677, 80 S. Ct. 1288, 1296 (1960) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S. Ct. 876, 879 (1950)); *see also Villasenor v. American Signature, Inc.*, No. 06 C 5493, 2007 WL 2025739, at *6 (N.D. Ill. July 9, 2007) (finding that where there is no private right of action available for an alleged statutory violation, a declaratory judgment claim cannot proceed).

Plaintiff asks us to enter a declaratory judgment that clarifies the parties' rights and obligations under HAMP; declares that Plaintiff qualifies for a loan modification under HAMP; and declares that Defendant did not properly consider Plaintiff for a loan modification under

6

HAMP. (Am. Compl. ¶ 58.) The Seventh Circuit, however, has held that HAMP contains no private right of action. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 555 (7th Cir. 2012); *Baginski v. JP Morgan Chase Bank N.A.*, No. 11 C 6999, 2012 WL 5989295, at *3 (N.D. Ill. Nov. 29, 2012). Because the Declaratory Judgment Act provides no relief unless there is a justiciable controversy between the parties, and because no private right of action exists under HAMP, we grant Defendant's motion to dismiss Count III[2].

### D. Count IV- Violation of 42 U.S.C. § 1983

Plaintiff brings a fourth claim alleging that Defendant violated 42 U.S.C. § 1983. We grant Defendant's motion to dismiss Count IV because Plaintiff has not demonstrated that Defendant was acting under the color of law.

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a person of his federal constitutional or statutory rights shall be liable in an action at law. 42 U.S.C. § 1983. To survive a motion to dismiss a § 1983 claim, a plaintiff must allege facts which show that the defendant deprived him of a right secured by the Constitution or any law of the United States and that the deprivation of that right resulted from the defendant acting *under color of law*. *Lekas v. Briley,* 405 F.3d 602, 606 (7th Cir. 2005) (citing *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1009 (7th Cir. 2000) (emphasis added)). Non-state actors may be found to act under color of state law when they have conspired or acted in concert with state actors to deprive a person of his civil rights. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S. Ct. 1598, 1605 (1970). In other words, for a private individual to act under color of law, there must be evidence of a concerted effort

---

[2] Plaintiff broadly contends that his claim is not seeking to enforce HAMP but instead is based on civil rights violations, specifically, Defendant's failure to provide an accounting as to how Defendant determined ineligibility under HAMP. (*See* Reply-Mot. to Dismiss at 5–6.) Despite Plaintiff's blanket assertion that he seeks a declaratory judgment based on civil rights violations, Plaintiff cites only to HAMP for both enforcement and relief. (Am. Compl. ¶¶ 56–57.)

7

between a state actor and that private individual. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998).

Plaintiff alleges that Defendant violated 42 U.S.C. § 1983 when Defendant, acting under the color of law, denied his requests for a loan modification because of his national origin and age. (Am. Compl. ¶ 61.)

Plaintiff boldly alleges that the Defendant "was acting under color of state and federal law when it denied his several requests for loan modification" yet states no facts to support such a claim. (Am. Compl. ¶ 61.) Plaintiff does not assert that Defendant is a state actor or conspired or acted in concert with state actors and therefore does not allege enough facts to support a § 1983 claim. Accordingly, we grant Defendant's motion to dismiss Count IV.

## II.  Plaintiff's State Law Claims

### A.  Count V - Illinois Consumer Fraud and Deceptive Business Practices Act

Plaintiff alleges that Defendant violated the ICFA, which prohibits: "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception [or] fraud . . . ." ILCS.

The ICFA is "a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Robinson v. Toyota Motor Credit Corp.*, 2011 Ill. 2d 403, 416–17, 775 N.E.2d 951, 960 (2002).

The statute provides redress not only for deceptive business practices, but also for business practices that, while not deceptive, are unfair. *Boyd v. U.S. Bank, N.A. ex rel.*, 787 F.Supp. 2d 747, 751 (N.D. Ill. April 12, 2011); *Robinson,* 2011 Ill. 2d at 417, 775 N.E.2d at

960. Plaintiff alleges that Defendant engaged in both deceptive and unfair conduct. (Am. Compl. ¶¶ 70–71).

The correct legal standard for a motion to dismiss under an ICFA claim differs for claims alleging deceptive conduct and claims alleging unfair conduct. *Windy City Metal Fabricators & Supply, Inc., v. CIT Tech. Fin. Servs. Inc.*, 536 F.3d 663, 659 (7th Cir. 2008). Because Plaintiff alleges both deceptive and unfair conduct, we will analysis each component of the claim under the appropriate standard of review.

Where Plaintiff alleges deceptive conduct, the heightened 9(b) rule applies. *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441(7th Cir. 2011) (citing *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005)); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). To meet this heightened pleading standard, plaintiff must allege the "who, what, when, where and how" of the alleged deceptive conduct. *Pirelli Armstrong Tire*, 631 F.3d at 441. More specifically, the pleader must detail "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *McGann v. PNC Bank, Nat. Ass'n*, No. 11 C 06894, 2013 WL 1337204, at *5 (N.D. Ill. 2013 March 29, 2013) (citing *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997); *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994)).

To state an ICFA deceptive conduct claim, a plaintiff must allege: "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Avery v. State Farm*

*Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 180, 835 N.E.2d 801, 850 (Ill. 2005). District courts have held that a loan servicer's alleged failure to consider plaintiff's eligibility for a HAMP modification is a sufficient predicate for an ICFA claim. *Boyd*, 787 F. Supp. 2d at 752. Additionally, an ICFA claim does not require "proof of intent to deceive;" rather, a plaintiff only needs to allege "that the defendant committed a deceptive or unfair act and intended that the plaintiff rely on that act." *Wigod,* 673 F.3d at 575. As to damages, courts have held that the inability to fairly negotiate a plan to stay in the home constitutes economic damages under the ICFA. *Boyd*, 787 F. Supp at 754.

Plaintiff alleges that Defendant engaged in deceptive conduct when various representatives assured him that he would qualify for a HAMP loan modification, provided him differing information as to the status of his loan modification, gave him explanations that led to dead-ends and excuses as to why his loan modification was not being processed or granted, and created "nonsensical tasks" for Plaintiff to complete in order to be eligible for a loan modification. (Am. Compl. ¶¶ 68–71.) Plaintiff alleges Defendant had "motive [to make]. . . and stands to profit," (Am. Compl. ¶ 72), from the deceptive communications and that as a result of his reliance on Defendant's unfair and deceptive conduct, he incurred actual damage in the form of monetary losses and the imminent loss of his property to foreclosure. (*Id.* ¶¶ 83–84). We find that Plaintiff's allegation as to deceptive conduct under the ICFA survive even a heightened 9(b) analysis.

Next we consider Plaintiff's allegations of unfair conduct. Claims alleging unfair conduct under the ICFA are subject to a Rule 8(a) notice pleading standard. *Windy City Metal*, 536 F.3d at 670 ("Because neither fraud nor mistake is an element of unfair conduct under [the

ICFA], a cause of action for unfair practices under the [ICFA] need only meet the notice pleading standard of Rule 8(a), not the particularity requirement in Rule 9(b).").

For conduct to be considered unfair, we consider three factors: (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers. *Robinson,* 201 Ill. 2d at 417–18, 775 N.E.2d at 961. The Seventh Circuit has held that a Plaintiff need not use the exact language in his complaint to describe the three factors listed above. *See Windy City Metal Fabricators*, 536 F.3d at 672 (holding that plaintiff adequately stated a claim for relief when complaint alleged conduct that could support the statutory definition of unfairness even if the complaint did not specifically use the words "immoral, unethical, oppressive, or unscrupulous"). Plaintiff does not use the word "unethical," but does allege that Defendant's representatives promised over the telephone that he would receive a loan modification, yet ultimately denied him the request, (Am. Compl. ¶ 71), allegations that, if taken as true, could be considered immoral and unethical.

For the reasons stated above, we deny Defendant's motion to dismiss Count V.

**B. Count VI - Breach of the Implied Covenant of Good Faith and Fair Dealing**

Plaintiff alleges that Defendant breached the implied covenant of good faith and fair dealing by "requiring [the Plaintiff] to extend to meet unreasonable expectations, go through obstacles, and falsely promise that he would get a modification after fulfilling all tasks it demanded of him." (Am. Compl. ¶ 78.)

Under Illinois law, the covenant of good faith and fair dealing is not an independent cause of action. *Wilson v. Career Educ. Corp.*, 729 F.3d 665, 687 (7th Cir. 2013); *Brooklyn Bagel Boys, Inc. v. Earthgrains Refrigerated Dough Prods., Inc.*, 212 F.3d 373, 381 (7th Cir. 2000). Instead, the covenant only guides the construction of explicit terms in an

11

agreement. *Id.* Plaintiff has not alleged that he entered into an explicit agreement with Defendant or that a contract between the parties exists. Therefore, Count VII is dismissed.

### C. Count VII - Promissory Estoppel

Plaintiff also brings a state law promissory estoppel claim. Promissory estoppel is an alternative means of obtaining contractual relief under Illinois law. *Wigod*, 673 F.3d at 566. To establish the elements of a promissory estoppel claim, the plaintiff must prove that: (1) defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment. *Id*. Under Illinois law, promissory estoppel is considered an equitable device wherein a contract may be implied where none is found to exist for a lack of consideration. *Dumas v. Infinity Broadcasting Corp.*, 416 F.3d 671, 766 (7th Cir. 2005). A claim for promissory estoppel will succeed only where all the other elements of a contract exist. *Id*. Thus, in order to succeed on his claim of promissory estoppel, Plaintiff must present written evidence of an "unambiguous promise" which, but for the existence of consideration, would constitute an enforceable contractual agreement under Illinois law. *Id*.

Plaintiff does not present written evidence that Defendant unambiguously promised him a loan modification. Instead, to support his claim, Plaintiff simply alleges that Defendant "communicated to [Plaintiff] during several telephone conversations that [he] would be able to qualify for a loan modification under his existing contract." (*Id*. ¶ 81.) This assertion is not specific enough to sufficiently plead that Defendant made an unambiguous promise to Plaintiff.

Therefore, we grant Defendant's motion to dismiss Count VII.

## **CONCLUSION**

For the aforementioned reasons, we deny Defendant's motion to dismiss Counts II and V and grant Defendant's motion to dismiss Counts I, III, IV, VI and VII. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: November 10, 2015
Chicago, Illinois