# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS G. BARTUCCI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 CV 5302 |
| | ) | |
| WELLS FARGO BANK N.A., | ) | Judge Marvin E. Aspen |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently before us is Defendant Wells Fargo Bank N.A.'s ("Wells Fargo") second motion to dismiss Plaintiff Louis G. Bartucci's ("Bartucci") seven-count complaint. (Dkt. No. 70.) Following Defendant's initial motion to dismiss, we dismissed five of the seven claims for failure to state a claim. (Dkt. No. 54.) Now, only two counts remain: (1) violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691 *et seq*., and (2) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2.

Defendant moves to dismiss the remaining two counts. For the following reasons, Defendant's motion to dismiss is granted based on the doctrine of res judicata.

## BACKGROUND

In 2007, Plaintiff obtained a loan from Defendant for the purchase of a residential property. (Am. Compl. ¶ 6.) From 2008 to 2009, Plaintiff faced financial difficulties meeting his mortgage payments. (*Id.* ¶ 8.) Plaintiff submitted paperwork to Defendant to modify his loan under the Home Affordable Mortgage Program ("HAMP"), a federal program that assists eligible homeowners who face financial hardships with loan modifications. (*Id.* ¶ 11.) On January 12, 2010, while Plaintiff's application for a home loan modification was still pending,

HSBC Bank USA, N.A., as Trustee for Defendant, commenced an action to foreclose Plaintiff's property in the Circuit Court of Cook County. (*Id*. ¶ 14.)

From 2010–2013, Plaintiff continued to contact Defendant in regards to his loan modification request. (*Id.* ¶ 15.) Plaintiff alleges that during the loan modification process, he disclosed his national origin on mandatory loan paperwork. (*Id.* ¶ 16.) In June 2013, Defendant denied Plaintiff's loan modification request citing his negative net present value. (*Id.* ¶ 18.) Soon thereafter, Plaintiff appealed Defendant's denial of his HAMP modification. (*Id.* ¶ 19.)

Plaintiff alleges that he made several telephone calls in 2013 to Defendant's representatives concerning his loan modification denial, but that Defendant's representatives told Plaintiff that they could not understand him because of his accent, that he needed to call back, and then hung up on him without any warning. (*Id.* ¶ 24.) Further, Plaintiff alleges that while attending a seminar hosted by Defendant, a representative told Plaintiff "that he would probably have had an easier time obtaining a loan modification if he were in fact much younger." (*Id.* ¶ 25.) On another occasion, Plaintiff alleges that one of Defendant's representatives expressed that Plaintiff's age factored into the denial of his loan modification request. (*Id.* ¶ 47.)

On April 3, 2015, the judicial sale of Plaintiff's property was confirmed in the Cook County foreclosure action. (Dkt. No. 71, Ex. B.) Plaintiff moved for reconsideration of that decision on May 18, 2015, asking the court to vacate the confirmation order on notice grounds and because this federal action "directly relates to the subject of the real estate and unlawful lending practices for which factual determinations and substantive rulings in the [state court matter] would or could have a direct and negative impact on [the federal action]." (Dkt. No. 71, Ex. C at 4.) The state court denied Plaintiff's motion for reconsideration. (Dkt. No. 71, Ex. D.) Plaintiff did not file an appeal.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 540 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007)). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, while a complaint need not give "detailed factual allegations," it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964–65; *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). The statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957)); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

## DISCUSSION

Defendant argues that Plaintiff's remaining two claims are barred based on res judicata, or alternatively, collateral estoppel. (Mot. at 3, 9.) Additionally, Defendant asserts that both claims should be dismissed under Section 15-509(c) of the Illinois Mortgage Foreclosure Law.

(Mot. at 16.)  Plaintiff argues that his complaint should not be dismissed because he did not and could not raise his remaining federal claims in the state law action.  (Reply at 3.)  We discuss each of Defendant and Plaintiff's contentions below.

## I.  Res Judicata[1]

Defendant alleges that as a result of the confirmation order entered by the state court in Plaintiff's foreclosure action, Plaintiff should be prohibited from proceeding with this federal action based on res judicata.[2]  (Mot. at 3.)

According to the doctrine of res judicata, "a final judgment on the merits rendered by a court of competent jurisdiction acts as bar to subsequent suits between the parties involving the same cause of action."  *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889, 184 Ill.2d 290, 302 (Ill. 1998); *see also 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529 (7th Cir. 2000); *Bryan v. Belvidere Nat. Bank*, No. 4 C 500009, 2004 WL 1345096, at *4 (N.D. Ill. June 14, 2004).  Because the initial judgment was rendered in Illinois state court we

---

[1] In his reply, Plaintiff discusses the Rooker-Feldman doctrine.  (Reply at 3.)  The Rooker-Feldman doctrine is not relevant to our analysis, however, because Plaintiff's federal action was filed prior to the state court's final judgment on the merits.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–93, 125 S. Ct. 1517; 1526–27 (2005); *Parker v. Lyons*, 757 F.3d 701, 705 (7th Cir. 2014).

[2] As an initial matter, we address Plaintiff's waiver argument in connection with Defendant's res judicata defense.  Plaintiff alleges that because Defendant did not raise its res judicata argument in its first 12(b)(6) motion, the defense is waived.  (Reply at 8.)  We disagree.  Defendant brings its res judicata claim in a 12(b)(6) motion which is exempt from Rule 12(h)(1)'s waiver rule.  *See* Fed. R. Civ. P. 12(h)(1); *Ennega v. Starns*, 677 F.3d 766, 781, n.6 (7th Cir. 2012).  Relatedly, Plaintiff does not raise, but we find it prudent to discuss, the propriety of bringing a res judicata defense in a 12(b)(6) motion.  Res judicata is an affirmative defense; dismissal under Rule 12(b)(6) generally is not appropriate.  *Clark & Leland Condo., L.L.C. v. Northside Cmty. Bank*, 110 F. Supp. 3d 866, 868 (N.D. Ill. 2015); *see also* Fed. R. Civ. P. 8(c).  Despite this general rule, courts in this circuit have held that res judicata may properly be brought in a Rule 12(b)(6) motion.  *Clark & Leland Condo., L.L.C.*, 110 F. Supp. 3d at 867; *Arthur Anderson LLP v. Fed. Ins. Co*., No. 6 C 1824, 2007 WL 844632, at *1 (N.D. Ill. Mar. 16, 2007); *Wilson v. Bob Watson Chevrolet, Inc.*, No. 03 C 5535, 2004 WL 432493, at *2 (N.D. Ill. Mar. 2, 2004).  Because Plaintiff does not object and case law allows, we find that Defendant may bring its res judicata defense in this 12(b)(6) motion.

rely on Illinois law in determining whether res judicata bars this action. 28 U.S.C. § 1738; *In re Dollie's Playhouse, Inc.*, 481 F.3d 996, 1000 (7th Cir. 2007); *Whitaker v. Ameritech Corp.*, 129 F.2d 952, 955–56 (7th Cir. 1997); *Lyttle v. Killackey*, 546 F. Supp. 2d 583, 590 (N.D. Ill. 2008). Under Illinois law, for res judicata to apply, three requirements must be met: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies. *Chi. Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011); *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 635 (7th Cir. 2004); *Lyttle*, 546 F. Supp. 2d at 590; *River Park, Inc.*, 703 N.E.2d at 339, 184 Ill.2d at 302. The parties do not dispute elements one and three; the state court's order approving sale was a final judgment rendered by a court of competent jurisdiction,[3] and Plaintiff and Defendant (as privies of the plaintiff in the state foreclosure action) were parties in the state court suit.[4] We focus, then, on the second element; whether there is identity of cause of action.

a. *Identity of Cause of Action*

In Illinois, courts rely on the "transactional test" to determine whether two causes of actions are the same for res judicata purposes. *Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 821 (7th Cir. 2011); *Chi. Title Land Trust Co.*, 664 F.3d at 1080; *Amari Co., Inc., v. Burgess*, 955 F. Supp. 2d 868, 881 (N.D. Ill. 2012); *Bryan*, 2004 WL 1345096, at *4; *River Parks, Inc.*, 703 N.E.2d at 891, 184 Ill.2d at 307. Under the transactional test, "claims are the

---

[3] In Illinois, a court order confirming a judicial sale is a final judgment on the merits. *Colon v. Option One Mortg. Corp.*, 319 F.3d 912, 919, n.5 (7th Cir. 2003); *Watkins v. CIT Group/Consumer Fin., Inc.*, No. 14 C 02164, 2015 WL 831991, at *3 (N.D. Ill. Feb. 25, 2015); *EMC Mortg. Corp. v. Kemp*, 982 N.E.2d 152, 154, 367 Ill.Dec. 474, 477 (Ill. 2012).

[4] "The trustee in bankruptcy is the creditor's representative, and therefore a judgment for or against the trustee is res judicata in a suit on the same claim." *Matter of Met–L–Wood Corp.*, 861 F.2d 1012, 1017 (7th Cir. 1988); *Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 944 (N.D. Ill. 2005).

same 'if they arise from a single group of operative facts, regardless of whether they assert different theories of relief.'" *In re Emerald Casino, Inc*., 530 B.R. 44, 181–82 (N.D. Ill. 2014) (citing *River Parks, Inc.*, 703 N.E.2d at 893, 184 Ill.2d at 310–11); *see also Whitaker*, 129 F.2d at 957 (barring plaintiff's RICO claim based on prior state court action where "allegations of fraud go to the heart" of both the state court and federal court action); *Bryan*, 2004 WL 1345096, at *4 (federal ECOA claim was barred due to state foreclosure action under doctrine of res judicata; "the facts behind [plaintiff's] federal claims [were] clearly related in time, space, origin and motivation to those at issue in the state court foreclosure proceeding"); *Ruffino v. Bank of Am., N.A*., No. 13 C 50124, 2013 WL 5519456, at *4 (N.D. Ill. Oct. 3, 2013) (dismissing plaintiff's federal claims under doctrine of res judicata where alleged false representations made by defendant supporting the federal claim also gave rise to the state court foreclosure action); *Arlin-Golf, LLC*, 631 F.3d at 822; *Nowak v. St. Rita High Sch*., 757 N.E.2d 471, 476, 197 Ill.2d 381, 391–92 (Ill. 2001) ("The transactional test provides that the assertion of different kinds or theories of relief still constitutes a single cause of action for purposes of res judicata if a single group of operative facts gives rise to the assertion of relief.") (internal citation omitted). Additionally, according to the Illinois Supreme Court, "the transactional test permits claims to be considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction." *River Park*, 703 N.E.2d at 893, 184 Ill.2d at 311; *Eighteen Inv. Inc. v. NationsCredit Fin. Serv. Corp.*, 876 N.E.2d 1096, 1101, 376 Ill. App. 3d 527, 534 ("Plaintiff's claims in this case are barred because they arise from the 'same transaction' as the claim raised in its prior motion to vacate in the mortgage foreclosure action. The transaction which gave birth to both was the judicial sale, at which plaintiff purchased the subject property.") Finally, the doctrine of res judicata "extends

to all matters that were offered to sustain or defeat the claim in the first action, as well as matters that could have been offered for that purpose." *Arvia v. Madigan*, 809 N.E.2d 88, 98, 209 Ill.2d 520, 534 (Ill. 2004); *see also Whitaker,* 129 F.3d at 957 (barring plaintiff's ICFA claim where plaintiff should have raised ICFA assertions as a defense to her state court action); *Ruffino*, 2013 WL 5519456, at *4 (dismissing plaintiff's Fair Debt Collection Practices Act claim because plaintiff could have raised similar arguments in his state foreclosure action); *Eighteen Inv., Inc.*, 876 N.E.2d at 1102, 376 Ill. App. 3d at 534 (rejecting plaintiff's argument that res judicata did not bar claims because plaintiff offered a different basis for relief in second suit; plaintiff could have offered alternative basis for relief in initial action but failed to do so).

      i.    Plaintiff's state court action

Under the transactional test, we must compare the claims before us with claims available in the state court foreclosure action. Based on our review of the state court materials along with Plaintiff's federal complaint,[5] we find that Plaintiff's ECOA and ICFA claims are barred under the doctrine of res judicata.

      1.    Violation of the Equal Credit Opportunity Act – Count II

In his amended complaint, Plaintiff's alleges that Defendant violated the ECOA when it denied him a HAMP loan modification based on his age and national origin. (Am. Compl. ¶ 52.) Plaintiff now argues that his ECOA claim is not barred by the state foreclosure action because he "neither raised the claims in the state action nor was able to raise the claims in the state law

---

[5] Typically, on a 12(b)(6) motion we consider only the allegations in plaintiff's complaint. *Gen. Elec. Capital Corp. v. Lease Resolution Corp*., 128 F.3d 1074, 1080 (7th Cir. 1997)*; Arthur Anderson LLP*, 2007 WL 844632, at *1. However, "a district court may take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment." *Gen. Elec. Capital Corp*, 128 F.3d at 1080. Accordingly, when a defendant raises res judicata as a defense the district court may take "judicial notice of pleadings, orders, and trial transcripts from previous litigation between the parties." *Arthur Anderson LLP*, 2007 WL 844632, at *1; *see also Clark & Leland Condo., L.L.C.*, 110 F. Supp. 3d at 869.

action." (Reply at 3.) He asserts that his federal ECOA claim "did not concern the filing of the foreclosure or even the ability or non-ability of [Plaintiff] to make his mortgage payments." (*Id.* at 6.) Instead, Plaintiff alleges that the federal case concerns only allegations of fraud and discrimination. (*Id.* at 6–7.)

Under the transactional test,[6] we consider only whether the allegations in the federal and state action "arise from a single group of operative facts" or "from the same transaction." *Whitaker*, 129 F.2d at 957; *Bryan*, 2004 WL 1345096, at *4; *Ruffino*, 2013 WL 5519456, at *4; *Arlin-Golf, LLC*, 631 F.3d at 822; *Nowak,* 757 N.E.2d at 476, 197 Ill.2d at 391–92; *River Parks, Inc.*, 703 N.E.2d at 893, 184 Ill.2d at 310–11. Here, in support of his ECOA claim, Plaintiff alleges Defendant illegally denied his HAMP request based on his age and national origin. (Am. Compl. ¶¶ 39–40.) According to his complaint, the underlying transaction is the denial of his HAMP loan modification, or more generally, "that the entire foreclosure process [in the state law action] was not warranted in the first place due to unlawful conduct of the mortgagee." (Pl.'s motion to reconsider, Dkt. 71, Ex. C at 5.) In support of his ECOA claim, Plaintiff alleges facts concerning the denial of the HAMP loan modification. (Am. Compl. ¶¶ 40–49.) While Plaintiff does specifically assert facts related to unlawful discrimination, those "allegations of fraud go the heart" of Plaintiff's "assertion of relief" in the foreclosure action. *Whitaker*, 129 F.2d at 957; *Nowak*, 757 N.E.2d at 476, 197 Ill.2d at 391–92.

Plaintiff alleges that he could not have brought his previous suit in the state action, and thus, is immune from a res judicata bar. (Reply at 6.) We find that Plaintiff was not precluded

---

[6] In his reply brief, Plaintiff alleges that we may consider either of two tests when determining identity of cause of action; the transactional test or the same evidence test. (Reply at 6.) Plaintiff is mistaken. The Illinois Supreme Court has held that the transactional test, not the same evidence test, is the proper test to employ in a res judicata analysis. *River Park, Inc.,* 703 N.E.2d at 893, 184 Ill.2d at 310.

from bringing his federal defenses in the state action. Under Illinois law, in his state court foreclosure proceeding, Plaintiff was entitled to raise his HAMP argument. 735 ILCS 5/15-1508(d-5). According to the Illinois Foreclosure Act, the state court may set aside a judicial sale if a mortgagor proves a HAMP violation. *Id.* Additionally, Plaintiff was entitled to raise any claims as to fraud in the state foreclosure action. 735 ILCS 5/15–1508(b).

Lastly, Plaintiff argues that even if such a defense would typically be available, Plaintiff was unable to allege HAMP violations or fraud because the alleged illegal conduct occurred after the filing of the foreclosure action. (Reply at 6.) We find Plaintiff's argument unpersuasive. Plaintiff filed his motion to reconsider the state court judgment on May 1, 2015. (Dkt. No. 71, Ex. C.) After reviewing that motion to reconsider, the state court confirmed the sale on May 18, 2015. (*Id.*) Even if Plaintiff did not learn of the alleged discrimination until the summer of 2014, Plaintiff still was able to bring his discrimination and HAMP claims as a defense to his foreclosure action during the state proceeding or in his motion to reconsider prior to the order confirming sale. *Colon v. Option One Mortg. Corp.*, 319 F.3d at 919, n.5, *Watkins*, 2015 WL 831991, at *3, *EMC Mortg. Corp.*, 982 N.E.2d at 154, 367 Ill.Dec. at 477. At its core, Plaintiff alleges that defendant's actions were illegal and accordingly, the foreclosure was contrary to law. The state court determined otherwise. We grant Defendant's motion to dismiss Count II. *See Whitaker*, 129 F.3d at 957.

### 2. Violation of the ICFA – Count V

Like Plaintiff's ECOA claim, we find that Plaintiff's ICFA claim is also barred under the doctrine of res judicata. In his complaint, Plaintiff alleges that Defendant violated the ICFA by engaging in deceptive conduct related to the denial of his HAMP loan modification. (Am. Compl. ¶¶ 68–71.) As addressed above, these allegations support his claim to relief in the

state court action and could have been brought as a defense.  *Byrd*, 407 F. Supp. 2d at 945

("[R]es judicata bars [plaintiff's] allegation that [defendant] violated . . . state laws that prohibit

unfair and deceptive practices. . . . [Plaintiff] could have raised any claim that [defendant]

violated Illinois common law or the Illinois Consumer Fraud and Deceptive Business Practices

Act during the state court foreclosure proceedings."); *Whitaker*, 129 F.3d at 957 (dismissing

Plaintiff's ICFA claims under res judicata because plaintiff "should have raised her fraud-based

claims as a defense to [defendant's] state court action").  Accordingly, Defendant's motion to

dismiss Count V is granted.

### CONCLUSION

For the reasons discussed in detail above, we grant Defendant's motion to dismiss

Counts II and V.[7]  This case is now dismissed in its entirety.  It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: March 24, 2016
       Chicago, Illinois

---

[7] Because we find that Plaintiff's claims are barred under the doctrine of res judicata, we do not
consider Defendant's alternative collateral estoppel and Illinois Mortgage Foreclosure Law
arguments.